IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BOARD OF EDUCATION OF THE
GORHAM FAYETTE LOCAL
                      Plaintiff,                  Case No. 3:04 CV 7390

    -vs-
                                               MEMORANDUM   OPINION
D. H. HOLDINGS CORPORATION, et al.,        AND   ORDER

                     Defendant.

KATZ, J.

Defendants D. H. Holdings Corporation and Hutchinson FTS, Inc. have filed a joint motion to dismiss this action for lack of subject matter jurisdiction. (Doc. No. 17). The matter has been fully briefed and oral argument was held on May 11, 2005. After extensive and careful consideration of the respective parties' positions', the Court finds that the motion is not well-taken and must be denied for the reasons hereinafter stated.

## BACKGROUND

On December 17, 2001, the Defendant D. H. Holdings Corporation ("D.H.") entered into a Consent Order with the Ohio Environmental Protection Agency ("Ohio EPA"). That Order covered multiple issues arising out of contamination alleged by the Ohio EPA to have originated at the Fayette Tubular Products site. Suffice to say that pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, ("CERCLA"), 42 U.S.C. §§ 9601 et seq., D.H. has undertaken a remedial investigation and feasibility study intended ultimately to lead to a defined remedy for the

contamination existing at its property and the surrounding property. Plaintiff has filed an action under Ohio law for damages sustained by one of its school buildings and, presumably, the land on which it sits, resulting from contamination emanating from the subject site. It is the position of the Defendants that because CERCLA denies federal courts subject-matter jurisdiction to hear challenges to removal and remedial actions taken under CERCLA until those actions are completed, this action cannot be maintained and this Court has no subject-matter jurisdiction.

Summarized, it is the Plaintiff's position that this action does not challenge the Consent Order or the anticipated investigation and remediation of the Fayette Tubular Products site. Rather, the Plaintiff characterizes the action as one under state law for damages to its property; while the Plaintiff frames the damage issue as involving the costs of moving the school facility from property adjoining the contaminated site, it is the Court's position that the measure of damages, if liability is determined by a jury, could include, but not be limited to the costs of moving to a new site. That, too, is a jury question and could well be determined adverse to the Plaintiff: a jury could determine the amount of damages to be less than the cost of moving the facility and award damages for cleanup and/or repairs.

The question before this Court is whether the action under consideration is one for damages under state law or whether it is a challenge to remediation efforts and, thus, prohibited by federal law. This Court has determined that it is the former and, thus, the Court has jurisdiction to entertain this case.

## DISCUSSION

The Defendants seek to have all of the Plaintiff's causes of action dismissed on the grounds that the claims are barred under Section 113(h) of CERCLA, 42 U.S.C. § 9613(h). That statute provides, in relevant part:

> No Federal court shall have jurisdiction under Federal law other than under section 1332 of Title 28 (relating to diversity of citizenship jurisdiction) or under State law which is applicable or relevant and appropriate under section 9621 of this title (relating to cleanup standards) to review any challenges to removal or remedial action selected under section 9604 of this title, or to review any order issued under section 9606(a) of this title, in any action except one of the following . . . .

42 U.S.C. § 9613(h) (citing exceptions not relevant here).

The Defendants assert that the remedy sought by the Plaintiff is barred by the foregoing statute, which prohibits judicial review of CERCLA remedies prior to completion of the Defendants' removal and remediation plans.

The complaint in this case asserts nine causes of action, all of which are state-law claims sounding in negligence, nuisance, trespass and willful and wanton misconduct. While CERCLA is cited in the complaint, the action may be maintained appropriately under the diversity of citizenship grant of jurisdiction to this Court. The Court also notes that paragraph 68 of the Consent Order states in part:

> Nothing in this Consent Order shall be construed to limit the authority of the State to undertake any action against any entity, including Defendant, to eliminate or mitigate conditions which may present an imminent threat to the public health, welfare or environment and to seek cost reimbursement for any such action.

A thrust of the complaint is that the students and faculty of the school in question are in threat of harm from contamination created by the Defendants at the subject site.

The Court will not regurgitate the multiplicity of cases and arguments put forth in the memoranda filed by the parties. Numerous cases support the Plaintiff's position. For example, a Florida District Court recently held that a motion to dismiss for lack of subject-matter jurisdiction under Section 113(h) was inappropriate. *Samples v. Conoco, Inc.*, 165 F. Supp. 2d 1303, 1315-17 (N.D. Fla. 2001). In that case there had been a prior clean-up of a site pursuant to an EPA order. *Id*. at 1305-06. While the

3

case was originally filed in state court, it was removed to federal court. *Id*. at 1307. The court held that the case could be maintained since it consisted entirely of state law trespass, nuisance, and strict liability claims, none of which challenged the consent decree. *Id*. at 1315-16. However, the Court did, in fact, find that there was not diversity jurisdiction and, thus, remanded the case to state court. *Id*. at 1318. *See also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485 (5th Cir. 2002) (holding that CERCLA preserves parties' rights under state law, but remanding for lack of diversity); *Stychno v. Ohio Edison Co.*, 806 F. Supp. 663, 665, 675 (N.D. Ohio 1992) (finding, albeit in a case of breach of contract under Ohio law between primarily responsible parties where no significant issue under Section 113(h) was raised, that a claim for disposal of hazardous waste on Stychno's property was a claim for "harm to property" and, thus, maintainable under the law).

Further instructive is the case of *Taylor Farm Ltd. Liability Co. v. Viacom, Inc.*, 234 F. Supp. 2d 950 (S.D. Ind. 2002). In the *Taylor Farm* case, the defendant had entered into a consent decree with the EPA. *Taylor Farm*, 234 F. Supp. 2d at 951. The plaintiff sued for damages to its land. *Id*. at 952. The defendant filed a motion to dismiss for lack of subject-matter jurisdiction under Sections 113(f)(2) and (h). *Id*. at 951-52. The court found that the claim for damages to the land was not tantamount to a challenge to the clean-up pursuant to the consent decree. *Id*. at 952. The court construed the claim as one for cost recovery under CERCLA and exempt from Section 113(h) under the exception for recovery of response costs. *Id*. at 952, 973. Further, the court found that as to the state law claims, the court had diversity jurisdiction and Section 113(h) was no bar to maintaining the plaintiff's causes of action. *Id*.

4

Finally, the Court has reviewed the case of *Stepp v. Monsanto Research Corp.*, 1993 U.S. Dist. LEXIS 21300 (S.D. Ohio 1993). In that case, Judge Walter Rice determined that the statute involved (also cited here) is specifically limited to instances where the review of the EPA order is based upon federal law. *Stepp*, 1993 U.S. Dist. LEXIS 21300, at *9. Thus, he held that the statute does not preclude suits based upon state law:

> The legislative history makes it abundantly clear that the purpose of § 9613(h) was to insure that federal courts did not review the remedy chosen by the EPA prior to the completion of the remediation . . . . the statute itself is specifically limited to instances where the "review" of the EPA's order is based upon federal law. Thus, the statute does not preclude suits based upon state law, which is precisely the foundation upon which the Plaintiffs predicate their claim for injunctive relief.

*Id*. at *8-9.

## CONCLUSION

This Court finds that the causes of action stated in the Plaintiff's complaint do not rise to the level of a challenge to the Consent Order or the investigation of the site, the determination of a remedy or remedies or of a plan for remediation. Therefore, under the applicable statute and case law the Plaintiff may maintain its action in this Court.

It is, therefore, the determination of this Court that the Defendants' motion to dismiss (Doc. No. 17) is not well-taken and is denied.

IT IS SO ORDERED.

    s/ *David A. Katz*   5/17/05
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE